UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| TONNY NORRIS #165795, | |
| Plaintiff, | Case No. 2:07-cv-153 |
| v. | HON. WENDELL A. MILES |
| UNKNOWN EICHER, et al., | **ORDER ON MOTIONS** |
| Defendants. | |

Plaintiff, a prisoner incarcerated at the Marquette Branch Prison, filed a complaint pursuant to 42 U.S.C. § 1983. This court adopted the Magistrate Judge's Report and Recommendation and dismissed Plaintiff's complaint as frivolous and failing to state a claim upon which relief may be granted on October 29, 2007. (Docket #20.) Plaintiff has filed a notice of appeal. However, he has also filed motions for reconsideration, to file an amended complaint, and to reopen case (docket #21, #23, #26). The court must address the motions despite the notice of appeal. *See* FED. R. APP. P. 4. After careful consideration, the court will deny the motions.

In Plaintiff's motion to file an amended complaint, he claims that he is not seeking restoration of good time credits and wishes to amend his complaint in order to make this clear. In Plaintiff's motion for reconsideration, he states that the court erred in dismissing his complaint because it failed to take into account *Muhammad v. Close*, 540 U.S. 749 (2004). Plaintiff's arguments lack merit. As noted by the Magistrate Judge in the September 11, 2007, report and recommendation, *Muhammad v. Close* merely clarified that *Edwards v. Balisok*, 520 U.S. 641, 648 (1997), requires the favorable termination of a disciplinary proceeding before a civil rights action

may be filed only in cases where the duration of the prisoner's sentence is affected.  *See Johnson v. Coolman*, No. 03-1909, 2004 WL 1367271, at *1 (6th Cir. June 15, 2004).  In other words, *Edwards* still applies where a plaintiff has lost good time as the result of the misconduct conviction.  Under Michigan law, a prisoner loses good time credits for the month of his major misconduct disciplinary conviction.  *See* MICH. COMP. LAWS § 800.33.  In addition, the warden may order forfeiture of previously accumulated credits in cases.  *Id.*  Plaintiff does not assert that he did not forfeit good time credit for the month of his conviction.  Accordingly, Plaintiff's claim remains noncognizable under § 1983 because a ruling on the claim would, if established, necessarily imply the invalidity of his disciplinary conviction.  *See   Shavers v. Stapleton*, No. 03-2210, 2004 WL 1303359, at *1 (6th Cir. June 9, 2004).

       In the motion to reopen the case, Plaintiff states that the existence of these pending motions warrants the reopening of this case.  However, a decision on these motions does not require that Plaintiff's action be reopened.  Accordingly,

       IT IS ORDERED that Plaintiff's motions for reconsideration, to file an amended complaint, and to reopen case (docket #21, #23, #26) are DENIED.


Dated: <u>December 18, 2007</u>                                   /s/ Wendell A. Miles
                                                                    Wendell A. Miles
                                                                    United States District Judge